United States District Court

Eastern District of California

Kenneth G. Johnson,

    Plaintiff,

vs.

Cal A. Terhune, et al.,

    Defendants.

No. Civ. S 01-1033 FCD PAN P

Order

-oOo-

July 13, 1994, the court in part granted plaintiff's motions to compel discovery and ordered CDC defendants to respond further to plaintiff's requests for documents 9, 10 and 14 (set one) and 4 (set 2). Specifically, defendants were ordered to provide plaintiff, within 30 days, high-quality copies of certain photographs, "R&R" orders showing staffing requirements, grievances and related documents, and documents showing investigation of the events underlying the complaint. If the documents did not exist or could not with due diligence be found,

defendants were ordered to so state, unequivocally.

Defendants sought reconsideration of this order, which the district court denied November 16, 2005.

December 22, 2004, defendants filed and served supplemental discovery responses. They produced some documents but did not state unequivocally that none others existed or could, with diligence, be found.

April 1, 2005, plaintiff moved for sanctions, explaining he sent defense counsel a letter January 10, 2005, outlining deficiencies in the supplemental responses, to which counsel had not replied. Defendants did not oppose the motion.

June 8, 2005, the court directed plaintiff to file a motion to compel discovery if he wished to challenge the sufficiency of the supplemental responses and extended the deadline for completing discovery and briefing on summary judgment for that sole purpose. August 31, 2005, the court issued an order clarifying that plaintiff could file and serve a motion to compel further responses and setting a briefing schedule for opposition and reply.

September 19, 2005, plaintiff moved to compel further responses, incorporating by reference his April 1, 2005, motion for sanctions. Defendants filed and served an untimely opposition October 26, 2005. The opposition includes a declaration that high-quality copies of photographs were made, but not that they were sent to plaintiff. The opposition states unequivocally that no further documents responsive to requests

10, 14 and 4 exist, or at least none could be found after diligent search.  The opposition says nothing of plaintiff's request for sanctions.

Defendants' responses to requests for production 10, 14 and 4 are, at long last, satisfactory.  The courtesy copy of their opposition submitted to the court includes high-quality copies of photographs, which the court will forward to plaintiff.  Thus, discovery finally is completed; no further discovery shall be permitted (see scheduling orders in this case).

Plaintiff's motion to compel is granted in part, as explained in the preceding paragraph.  Plaintiff's request for sanctions also is granted.  This court must apportion expense-shifting sanctions "in a just manner," taking into account the extent to which defendants' objections to discovery were substantially justified.  Fed. R. Civ. P. 37(a)(4)( c); see also Reygo Pac. Corp. v. Johnson Pump Co., 680 F.2d 647, 649 (9th Cir. 1982) (expenses ordinarily awarded unless court finds losing party's position was justified); 7 James Wm. Moore et al., Moore's Federal Practice para. 37.23[1] (recognizing that courts apply rebuttable presumption in favor of imposing expense shifting sanctions on party against whom motion to compel is resolved).  Defendants offer nothing to rebut the presumption of sanctions.  Their position, which was to ignore plaintiff's January 10 letter and April 1 motion for sanctions and file an untimely opposition, was not substantially justified; it inconvenienced the court and delayed resolution of pending cross-

motions for summary judgment.  Plaintiff may submit a declaration of expenses within 15 days.

Accordingly, the court hereby orders:

1.  Plaintiff's September 19, 2005, motion to compel is granted in part.

2.  Plaintiff's April 1, 2005, request for sanctions is granted and he shall submit a declaration of expenses within 15 days.

3.  The Clerk of the Court shall send plaintiff, along with this order, the high-quality copies of photographs submitted as Exhibit B to the courtesy copy of defendants' October 26, 2005, opposition to the motion to compel.

4.  Plaintiff may supplement his opposition to summary judgment within 15 days.  If he does, defendants may supplement their reply within 15 days thereafter.  No extensions will be granted in connection with this briefing absent a showing of manifest injustice.

Dated:  December 27, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge