IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH G. JOHNSON,

    Plaintiff,                                No. CIV S-01-1033 FCD PAN P

  vs.

CAL A. TERHUNE, et al.,              ORDER

    Defendants.

_____/

       Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. Plaintiff has again requested the appointment of counsel.[1] The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.

---

[1] Plaintiff's May 16, 2003 request was denied by the court on May 29, 2003.

1

Plaintiff has requested an extension of time to file and serve a reply to defendants' response to plaintiff's May 8, 2006 counter-motion to strike. Good cause appearing, plaintiff's request will be granted and his May 30, 2006 reply will be considered timely filed.

On December 5, 2005, plaintiff filed a request for court-ordered telephonic conference between plaintiff and counsel for defendants to discuss the admission of certain documents at trial. Plaintiff's request is premature. This request will be denied without prejudice to its renewal once the parties have filed their pretrial statements.

On March 2, 2006, plaintiff filed a request for information concerning service of subpoenas by the U.S. Marshal. Plaintiff is advised that this information will be contained in the court's further scheduling order issued herewith. Plaintiff's March 2, 2006 request will be granted. See Further Scheduling Order issued herewith.

By order filed December 28, 2005, plaintiff's April 1, 2005 motion for sanctions was granted and he was directed to file a declaration of expenses within fifteen days. On January 11, 2006, plaintiff filed a declaration of expenses incurred. (Docket No. 237.) Plaintiff appended a detailed accounting of his expenses incurred for legal paper, copies, manilla envelopes and postage in the amount of $84.69. Defendants have filed no objection. Good cause appearing, defendants will be directed to reimburse plaintiff his $84.69 in costs expenses pursuant to the December 28, 2005 order.

Finally, on April 25, 2006, defendants Kay Chapman and Correctional Managed Care Medical Corporation filed a second motion for summary judgment.[2] On May 8, 2006, plaintiff filed a motion to strike this motion for summary judgment as successive and untimely and asked the court to impose sanctions.

On July 13, 2004, an initial scheduling order issued, setting a dispositive motion deadline for November 5, 2004. (Docket No. 95.) On September 28, 2004, a request to modify

---

[2] Summary judgment against defendants Correctional Managed Care Medical Corporation and Nurse Chapman was denied by order filed September 23, 2005. (Docket No. 224.)

2

the scheduling order was granted and the dispositive motion deadline was extended to January 5, 2005.  By order filed December 15, 2004, CDC defendants were granted an extension of time to and including January 15, 2005 in which to file an opposition and cross-motion for summary judgment.  By order filed January 4, 2005, defendant Madera County was granted an extension of time to January 3, 2005 in which to file an opposition to plaintiff's motion for summary judgment.  On January 25, 2005, CDC defendants' request for extension of the dispositive motion deadline was granted until March 1, 2005.  However, the court stated that no further extensions of time would be granted absent a showing of manifest injustice.  (Id.)  CDC defendants moved for another extension of the deadline and by order filed March 4, 2006, the CDC defendants were granted until March 22, 2005 in which to file an opposition and move for summary judgment.  CDC defendants filed their cross-motion for summary judgment on March 22, 2005.

On April 25, 2006, defendants Correctional Managed Care Medical Corporation and Kay Chapman filed a motion for summary judgment without seeking leave of court or showing good cause why they were unable to meet the court's deadline.  Liberally construing the requests for extensions of time granted to the CDC defendants as applicable to CMCMC and Ms. Chapman, their motion was due no later than March 22, 2005.  Defendants' April 25, 2006 motion was filed over a year beyond the dispositive motion deadline.  Defendants' motion was untimely filed.  Plaintiff has filed a motion to strike the motion for summary judgment as well as a motion for sanctions against these defendants for filing a successive and late motion for summary judgment.

However, on May 11, 2006, these defendants filed a reply in which they explained their motion for summary judgment had been filed in good faith and was subject to their misapprehension that all pretrial dates had been vacated and a new scheduling order would issue.  Defendants note they seek to clarify the grounds upon which the court previously denied their motion.

Good cause appearing, the court will deem defendants' April 25, 2006 motion for summary judgment timely filed and will grant plaintiff an extension of time to file an opposition on the merits of the motion. Plaintiff's motion to strike and for sanctions will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 13, 2004 and April 24, 2006 requests for the appointment of counsel are denied.

2. Plaintiff's May 25, 2006 request for extension of time to file a reply is granted and his May 30, 2006 reply is deemed timely filed.

3. Plaintiff's December 5, 2005 request is denied without prejudice.

4. Plaintiff's March 2, 2006 request is granted.

5. Defendants shall reimburse plaintiff his costs in the amount of $84.69 within twenty days from the date of this order. See December 28, 2005 Order.

6. Plaintiff's May 8, 2006 motion to strike and for sanctions is denied.

7. Defendants' April 25, 2006 motion for summary judgment is deemed timely filed; plaintiff is granted thirty days from the date of this order in which to file an opposition to the motion. Defendants' reply, if any, shall be filed seven days thereafter.

DATED: June 15, 2006.

UNITED STATES MAGISTRATE JUDGE

001; john1033.cuo